IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| BRENDA GAY VOWELS, ) <br> ) <br> PLAINTIFF, ) <br> ) <br> vs. ) <br> ) <br> COMMISSIONER OF SOCIAL SECURITY ) <br> ADMINISTRATION, ) <br> ) <br> DEFENDANT. ) <br> _____) | C/A No. 8:14-1138-DCN-JDA <br><br> REPORT AND RECOMMENDATION <br><br> *on the motion to proceed IFP* |

The sole issue in this Report and Recommendation is whether Brenda Gay Vowels ("Plaintiff") should be required to pay the filing fee or whether her financial condition justifies waiver of the payment. Plaintiff filed an Application to Proceed without Prepayment of Fees and Affidavit (Form AO-240). [Doc. 3.] In its Order entered April 8, 2014, the undersigned directed Plaintiff to answer Special Interrogatories from the Court so that the undersigned could properly evaluate Plaintiff's request. [Doc. 9.] Plaintiff did submit a response to the Court on May 1, 2014. [Doc. 11.] Plaintiff's pertinent financial information indicates the following. She has $7,500.00 in cash, checking, or savings, and $5,500.00 of that amount was placed into her IRA. [Doc. 3; Doc. 11] She has common monthly expenses, and it appears that she does not have extra spending money left over at the end of the month after paying them. [*Id.*] However, it appears that she does not have credit card debt, owns several homes, helps provide her oldest son with his own home, helps pay for a dependant's college expenses, and has $55,000.00 in a mutual fund and $97,000.00 in her IRA. [*Id.*]

There is no clear precedent in the Fourth Judicial Circuit as to whether a magistrate judge has the authority to issue an order to deny an application to proceed *in forma pauperis*. The Sixth Circuit has concluded that a magistrate judge cannot issue an order to deny an application to proceed *in forma pauperis*. Specifically, in *Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990), the court ruled that a denial of an application to proceed *in forma pauperis* by a magistrate judge is the functional equivalent of an involuntary dismissal, which cannot be granted by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). The Tenth and Fifth Circuits have reached similar conclusions. *See Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Donaldson v. Ducote*, 373 F.3d 622, 623–25 (5th Cir. 2004). Therefore, the undersigned submits a Report and Recommendation to preserve Plaintiff's opportunity to obtain *de novo* review by a district judge on objections.

Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of federal district courts. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980). In *Carter v. Telectron, Inc.*, 452 F. Supp. 939, 943 (S.D.Tex. 1976), the court noted that the following legal tests have been used to determine whether a person should proceed *in forma pauperis* under 28 U.S.C. §1915:

> (1) Is the litigant barred from the federal courts by the reason of his "impecunity"?
>
> (2) Is his access to the courts blocked by the imposition of an undue hardship?
>
> (3) Is the litigant forced to contribute his last dollar, or render himself destitute, to prosecute his claim?

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who ... would remain without legal remedy if such

privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

Here, Plaintiff does not appear to be a truly impoverished litigant. It does not appear that requiring payment of the fee of $400 (including a $50 administrative fee) would effectively block Plaintiff's access to the courts. *See Murray v. Gossett*, C/A No. 3:13-2552-CMC-SVH, 2013 WL 5670907, at *3 (D.S.C. Oct. 17, 2013). Plaintiff would not be rendered destitute by paying the fee, and she will not have to forego any of her basic human needs by paying the fee. *See Carter*, 452 F. Supp. at 942 (the plaintiff was not indigent because he had the right to collect a judgment of $5,486.76); *Ali v. Cuyler*, 547 F. Supp. 129 (E.D. Pa. 1982) (where the plaintiff had $450.00 in savings the district court and the magistrate believed that amount was sufficient to allow the plaintiff to pay the filing fee of $60.00 without foregoing basic human needs). Hence, Plaintiff must "'confront the initial dilemma which faces most other potential civil litigants: Is the merit of the claim worth the cost of pursuing it?'" *Carter*, 452 F. Supp. at 944.

Accordingly, **it is recommended** that the District Court deny Plaintiff's motion to proceed *in forma pauperis* [Doc. 3] and give Plaintiff a certain time frame to pay the fee or the action will be dismissed without prejudice.

**s/Jacquelyn D. Austin**
Jacquelyn D. Austin
United States Magistrate Judge

May 2, 2014
Greenville, South Carolina